IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LEMELLE,

        Plaintiff,                     No. CIV-S-10-0870 WBS GGH P

    vs.

JAMES WALKER, et al.,

        Defendants.            ORDER

                                  /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.16 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants: Warden James Walker, Correctional Sergeant C. Haring, Chief of Inmate Appeals Branch N. Grannis, Facility Captain/Appeals Examiner R. Pimentel, Facility Captain O. Lieber, Associate Warden G. Drummond, Appeals Coordinator R. Carter. Complaint, pp. 1-3. Plaintiff seeks damages, including punitive, and injunctive relief for a fall he experienced, resulting in a broken finger, on or about March 15, 2009, while attempting to climb down from the top bunk of his assigned cell at California State Prison-Sacramento. Id. at 3. Plaintiff's finger was treated surgically at U.C. Davis Medical Center. Id. Plaintiff contends that the fall occurred because he had no ladder to help him climb up or down the top bunk which was about five feet in height. Id. Plaintiff seeks to implicate each defendant for denying his appeal and for "not fixing a well-documented problem by installing la[dd]ers." Id. Plaintiff does not explain how the after-the-fact appeal caused the condition which led to his broken finger.

Plaintiff's dissatisfaction with the results of his having filed appeals does not of itself set forth a colorable claim for relief. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure

is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] Plaintiff's due process claims against these defendants will be dismissed but plaintiff will be granted leave to amend.

To the extent that plaintiff intends to frame a colorable Eighth Amendment claim, he has failed to do so by simply alleging that defendants did not see to it that he was provided a ladder to reach his top bunk. In addition, plaintiff fails to specifically allege how each or any of the defendants were linked to the conduct of which he complains. Moreover, on the face of it, simply failing to provide plaintiff with a ladder for his bunk does not rise to the level of an Eighth Amendment violation.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832, 114 S. Ct. 1970; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). However,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

> confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. at 837, 114 S. Ct. 1970.

Nor does plaintiff appear to be seeking to make a claim for inadequate medical care for the injury he sustained.

As to his claims for injunctive relief, just as it is not necessary to allege Monell[2] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). Plaintiff has stated sufficient facts to infer that there exists a no ladder policy, *de jure* or *defacto*.

---

[2] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

5

Plaintiff's complaint will be dismissed but plaintiff will be granted leave to amend. If plaintiff does not amend, the claim will proceed for injunctive relief only.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.16. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to

file an amended complaint will result in a recommendation that the action be dismissed except for the claim involving injunctive relief.

DATED: August 9, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
leme0870.b