IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LEMELLE,

        Plaintiff,                           No. CIV-S-10-0870 WBS GGH P

    vs.

JAMES WALKER, et al.,

        Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By Order filed on August 9, 2010, the complaint was dismissed with leave to amend. Plaintiff was granted two extensions of time to file an amended complaint. See Docket Nos. 10 & 12. Plaintiff has filed an amended complaint.

        As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

        In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

        Plaintiff in this incarnation of his allegations retains the following as named defendants: California State Prison - Sacramento Warden James Walker; Chief of Inmate Appeals Branch N. Grannis; CSP-Sac Facility Captain/Appeals Examiner R. Pimentel; CSP-Sac Facility Captain O. Lieber; CSP-Sac Associate Warden G. Drummond.  Amended Complaint

(AC), pp. 1-3.  Plaintiff once again seeks damages, including compensatory, nominal and punitive, and injunctive relief for injuries sustained from a fall he experienced, resulting in a broken finger on his left hand, on or about March 15, 2009, while attempting to climb down from the top bunk of his assigned cell at CSP-Sac. Id. at 3.  As previously alleged, plaintiff's finger was treated surgically at U.C. Davis Medical Center.  Id.  Plaintiff claims that pins were inserted and he wore a cast for about a month and that he now has a permanently disfigured finger, permanent scarring and occasional bouts of pain and discomfort.  Id.

Plaintiff contends that the fall occurred because he had no ladder to help him climb up or down the top bunk which was about five feet in height and that his request for compensation for pain and suffering, as well as for installation of ladders had been denied.  AC, p. 3.  Plaintiff essentially seeks to implicate each defendant for denying his appeal and for their actual or constructive awareness of "hazards concerning the unsafe bunks @ CSP Sac...." Id.  Plaintiff states that each is or should have been aware of the unsafe bunks and the falls and injuries that have occurred due to written complaints and grievances since 2006 and plaintiff includes an exhibit showing that an appeal was denied regarding an injury allegedly sustained in 2006 by another inmate when he slipped and fell from a top bunk at CSP-Sac . Id. & Exhibit C.  Plaintiff claims that had the problem been remedied in 2006 or sooner then he experienced his fall that he would not have suffered the injury.  Id.

The primary problem for plaintiff remains that his claim that the failure of defendants to provide him with a ladder for his bunk simply does not rise to the level of an Eighth Amendment violation, even in light of at least one prior grievance about a problem with a top bunk identified some three years prior to his own incident.  As previously stated, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832, 114 S. Ct. 1970;  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982).  However,

3

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. at 837, 114 S. Ct. 1970.

Plaintiff does not make the requisite showing of officials having disregarded an excessive risk to inmate safety simply by pointing to an earlier incident of a fall from a bunk bed, and in any event, the claim does not meet the requisite level of implicating an "objectively, sufficiently serious" condition. See, e.g., Robinett v. Correctional Training Facility, 2010 WL 2867696 (N.D. Cal. 2010) ("ladderless bunk beds do not satisfy the objective prong for an Eighth Amendment violation"); Jones v. La. Dept. of Public Safety and Corrections, 2009 WL 1310940, *2 (W.D. La. 2009) (dismissal with prejudice upon screening a complaint from prisoner injured when his foot slipped on cell bars he had to climb to reach his upper bunk because there was no ladder because condition did not satisfy objective prong of Eighth Amendment test); id. at *4 (summarily dismissing request for injunctive relief in the form of compelling prison officials to provide bunk bed ladders); Connolly v. County of Suffolk, 533 F. Supp.2d 236, 241 (D. Mass. 2008), quoting Farmer v. Brennan, at 834, 114 S. Ct. 1970 [internal citation omitted] ("[h]owever unfortunate Connolly's accident, the failure of prison officials to equip his bunk bed with a ladder simply does not amount to a deprivation of 'a minimal civilized measure of life's necessities'"); Armstrong v. Terrebonne Parish Sheriff, 2006 WL 1968887 *6 (E.D. La. 2006) ("[t]he Constitution requires neither ladders for bunk beds nor call boxes to remedy the fall experienced by plaintiff"). The court notes that plaintiff has made no claim that he has been subjected to inadequate medical care for the injury he apparently suffered, nor does there appear to be any basis for one.

With regard to plaintiff's claim against defendants arising from their participation in the inmate appeals process, the gravamen of this claim appears to be their failure to provide

ladders for bunk beds based on a prison grievance dating from 2006, as well as their failure to compensate plaintiff for his own injury.  Plaintiff has been previously informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]  Plaintiff's due process claims against these defendants must be dismissed.

To the extent defendants are sued in their individual capacity, they must be alleged to have: personally participated in the alleged deprivation of constitutional rights; known of the violations and failed to act to prevent them; or implemented a policy that repudiates

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

In this instance, however, the court has found that plaintiff has failed to meet the threshold requirement of implicating a constitutional deprivation. Therefore, any potential claim against defendants based on a ratification theory must be dismissed.

\\\\\\

1    As to his claims for injunctive relief, just as it is not necessary to allege Monell[2]
2 policy grounds when suing a state or municipal official in his or her official capacity for
3 injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th
4 Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official
5 when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the
6 job duties of the named defendant.  All that is required is that the complaint name an official who
7 could appropriately respond to a court order on injunctive relief should one ever be issued.
8 Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F.
9 Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as opposed to
10 monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox
11 Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also,
12 Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to
13 continue against an official's successors despite objection that the successors had not personally
14 engaged in the same practice that had led to the suit.  However, because a suit against an official
15 in his or her official capacity is a suit against the state, a practice, policy or procedure of the state
16 must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25,
17 112 S. Ct. 358, 361-62 (1991).  While plaintiff has stated sufficient facts to infer that there exists
18 a no-ladder policy, *de jure* or *defacto,* he has not, as noted, implicated an unconstitutional policy
19 or practice and any official capacity claim against defendants must be dismissed.

20    Plaintiff has previously been granted leave to amend but at this point further leave
21 to amend appears to be futile.  "Under Ninth Circuit case law, district courts are only required to
22 grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave
23 to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.
24 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th

---

[2] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

7

1. Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003). Therefore, the court will now recommend dismissal of this case for failing to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed for failure to state a claim on which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
leme0870.fr